FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBRA LEGRIS; AVIANA LEGRIS, | No. 20-56261 |
| Plaintiffs-Appellants, | |
| v. | D.C. No. 8:19-cv-00837-DOC-ADS |
| CAPISTRANO UNIFIED SCHOOL DISTRICT, a local educational agency, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted October 6, 2021
Pasadena, California

Before: GRABER, CHRISTEN, and OWENS, Circuit Judges.

Aviana Legris and her mother, Debra Legris, appeal the district court's order

affirming the administrative law judge's (ALJ) decision that Aviana did not qualify

for special-education services during high school pursuant to the Individuals with

Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq.  The Legrises also

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

appeal the district court's conclusion that Capistrano did not violate its Child Find obligation or IDEA's procedural requirements. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's judgment.

We review de novo the district court's conclusions of law and its findings of fact for clear error. *L.J. v. Pittsburg Unified Sch. Dist.*, 850 F.3d 996, 1002 (9th Cir. 2017). We afford "due weight" to state administrative proceedings, *Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 817 (9th Cir. 2007) (quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982)), with particular deference to an ALJ's administrative findings when "they are thorough and careful," *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994).

1. The Legrises argue the district court impermissibly deferred to the ALJ's decision. A district court reviewing an IDEA due process hearing gives "less deference than is conventional in review of other agency actions." *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 438 (9th Cir. 2010) (quoting *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993)). But deference to the ALJ's findings is due where the findings are "thorough and careful." *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995) (quoting *Union*, 15 F.3d at 1524). We deem the ALJ's findings "thorough

2

and careful when the officer participates in the questioning of witnesses and writes a decision containing a complete factual background as well as a discrete analysis supporting the ultimate conclusions." *R.B., ex rel. F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 942 (9th Cir. 2007) (internal quotation marks omitted) (quoting *Park, ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1031 (9th Cir. 2006)). Here, the ALJ's decision was "thorough and careful"; it included "a detailed factual background and analysis" and the ALJ "explain[ed] her legal conclusions thoroughly." *See J.W.*, 626 F.3d at 441. And as the district court found, the hearing transcripts reflect the ALJ's active involvement at the hearing. *See id.*

The Legrises further contend that "[t]he ALJ drastically misstated the issue for the hearing." Although the ALJ did not address whether Capistrano violated IDEA's procedural requirements, the district court did. The ALJ's "reorganization" of the issue was "inconsequential to the Student," and there is no reversible error. *J.W.*, 626 F.3d at 442–43.

2.      The Legrises also argue the district court did not afford Dr. Stephey's testimony "substantial deference under the treating physician rule" and that the ALJ's credibility finding was flawed. The Ninth Circuit has applied the "treating physician rule" in Social Security appeals. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821,

830–33 (9th Cir. 1995). But the Legrises offer no authority for the proposition that we apply the rule to IDEA challenges, and we are aware of none. Even if we applied the rule here, the ALJ carefully considered Dr. Stephey's opinion and gave clear and convincing reasons for disagreeing with it. Moreover, the ALJ based her credibility finding on Dr. Stephey's live testimony and demeanor, and her finding was supported by the weight of other evidence questioning Dr. Stephey's conclusions. *See Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 893 (9th Cir. 2001) (holding that we give "due weight" to an ALJ's credibility findings "so long as they are supported by the record"). The district court permissibly deferred to the ALJ's credibility finding.

3. Next, the Legrises contend that Capistrano violated its Child Find obligation and IDEA's procedural requirements. "Child Find" encapsulates a school district's duty to assess whether a child is eligible for special education once the school district is on notice of a suspected disability. *See, e.g.*, *Timothy O. v. Paso Robles Unified Sch. Dist.*, 822 F.3d 1105, 1119–20 (9th Cir. 2016); *see also* 20 U.S.C. § 1412(a)(3)(A); Cal. Educ. Code § 56301 (incorporating Child Find into California law). A school district must follow various IDEA procedural requirements when assessing a child's special-education eligibility, *see, e.g.*, 20

4

U.S.C. § 1414(b)(2), but "a procedural violation cannot qualify an otherwise ineligible student for IDEA relief," *R.B.*, 496 F.3d at 942.

The Legrises first argue Capistrano did not act on notice of "Aviana's visual difficulties and their severe impact on her ability to read." But the record lacks the kind of warning signs that would trigger Capistrano's obligation to assess Aviana for an IEP before August 2017. The district court found that Capistrano "conducted a thorough and multi-disciplinary assessment to address Aviana's ADHD" based on her parent's request before she transferred to a Capistrano school for her junior year. The court concluded that Capistrano "reasonably provided Aviana with a Section 504 plan to address her diagnosed ADHD" and was not put on notice of a "suspected disability." The record supports this finding.

The Legrises also argue that Capistrano violated IDEA when it assessed Aviana for an IEP in her senior year because it failed to assess her "in the area of developmental vision." IDEA requires a school district to "use a variety of assessment tools and strategies to gather relevant . . . information," 20 U.S.C. § 1414(b)(2)(A), and to "review existing evaluation data on the child, including . . . current classroom-based, local, or State assessments" to "identify what additional data, if any, are needed" to determine a child's eligibility, § 1414(c)(1). Capistrano reviewed "existing evaluation data," conducted new

cognitive and standardized tests, consulted Aviana's instructors, observed her in class, and determined that a separate visual assessment was not necessary. Capistrano also reviewed Aviana's reports from evaluators retained by her family and discussed this data at an IEP meeting with Aviana's parents. We agree with the district court that the Legrises did not demonstrate a procedural violation of IDEA.

4.      Last, the Legrises argue the district court erred because Aviana met IDEA's eligibility requirements for special-education services. "A child is substantively eligible for special education and related services if [s]he is a 'child with a disability.'" *L.J.*, 850 F.3d at 1003 (quoting 20 U.S.C. § 1401(3)(A)). Here, IDEA required a showing that by reason of a visual impairment, other health impairment, or specific learning disability, Aviana "need[ed] special education and related services." *Id.* (citing 20 U.S.C. § 1401(3)(A)). Aviana could "not qualify for special education services if support provided through the regular school program [wa]s sufficient." *Id.*; *see also* 20 U.S.C. § 1412(a)(5)(A); Cal. Educ. Code § 56026(a)–(b).

The Legrises argue that Aviana progressed in high school only "through parent-funded special education [at Fusion] and related services" and that this established her eligibility because "one-to-one instruction . . . was clearly special

education." But as the ALJ and district court recognized, the record shows that Aviana ably accessed the general curriculum with only Section 504 plan accommodations. Aviana consistently earned As, Bs, and Cs at Capistrano's schools and her reading fluency and comprehension scores remained average or better. The district court correctly concluded that Aviana's one-to-one instruction at a private school was not "special education" that qualified her for IDEA benefits or that Capistrano was required to match.

The district court also found that Aviana was not substantively eligible for IDEA benefits based on a vision impairment, other health impairment, or specific learning disability. The Legrises argue that Aviana qualified for IDEA benefits because Dr. Stephey diagnosed her with convergence insufficiency and treated her with vision therapy. Aviana received vision therapy from Dr. Stephey, but the parties dispute whether the convergence insufficiency diagnosis was credible. Even if we assume a credible diagnosis, the district court correctly concluded that the Legrises did not demonstrate that Aviana required services beyond modification of the regular school program before or after she received vision therapy and one-to-one instruction.

As for an "other health impairment" or "specific learning disability," the Legrises point to little evidence or legal authority supporting their contention that

7

Aviana met the eligibility requirements for either category.  *See* 34 C.F.R. §

300.8(a)(1); *see also* 20 U.S.C. § 1401(3)(A)(i).  And the record supports the

district court's conclusion that Aviana adequately accessed the curriculum in the

regular classroom with her Section 504 accommodations.  We affirm the district

court's conclusion that Aviana was not eligible for special education services.

**AFFIRMED.**